ROCKARD J. DELGADILLO, City Atty. (SBN (125465x)
LAURIE RITTENBERG, Asst. City Atty. (SBN 106683)
**JOHN A. CARVALHO,** Deputy City Atty. (SBN 189895)
**ADENA M. HADAR,** Deputy City Atty. (SBN 228857)
john.carvalho@lacity.org; adena.hadar@lacity.org
200 North Main Street, Room 916
Los Angeles, California 90012
Telephone: 213.473.6858
Facsimile: 213.473.6818

Attorneys for Defendants CITY OF LOS ANGELES,
KAREN KALFAYAN, ROCKARD J. DELGADILLO, and
CITY COUNCIL OF THE CITY OF LOS ANGELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FORTUNA ENTERPRISES, L.P. d/b/a THE LOS ANGELES AIRPORT HILTON HOTEL AND TOWERS, a Delaware limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF LOS ANGELES et al.,<br><br>Defendants. | **CASE NO.: CV08-04373 SVW (MANx)**<br><br>**SUPPLEMENT TO DEFENDANT CITY OF LOS ANGELES' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF FORTUNA ENTERPRISES, L.P.'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Date: July 9, 2008<br>Time: 10:00 a.m.<br>Ctrm: 6<br>Hon. Stephen V. Wilson |

Defendant City of Los Angeles ("City") hereby submits its Objections to Evidence submitted in support of the APPLICATION FOR TEMPORARY RESTRAINING ORDER ("TRO APPLICATION" or "APPLICATION") filed by Fortuna Enterprises, L.P. d/b/a The Los Angeles Airport Hilton Hotel And Towers, a Delaware Limited Partnership ("Plaintiff" or the "LAX Hilton").

|    | **Evidence at Issue** | **Defendant's Objections** |    |
|----|---|---|---|
| 1. | Declaration of Grant Cooley ("Cooley Decl."), ¶3, page 2, lines 18-20:<br><br>"There are numerous restaurants and parking lots operating within the Enhancement Zone, with which the Hotel competes, which are not subject to the Ordinance." | Relevance. FED. R. EVID. 402. | Sustained ☐<br>Overruled ☐ |
| 2. | Cooley Decl., ¶4, page 2, line 21 through page 3, line 3:<br><br>"The Hotel employs | Relevance. FED. R. EVID. 402 (Even under California law, an employer may not use tip credits to satisfy its | Sustained ☐<br>Overruled ☐ |

1

| **Evidence at Issue** | **Defendant's Objections** | |
|---|---|---|
| approximately 608 employees. If the Ordinance is found to be enforceable, the Hotel will be directly impacted as approximately 12% of the Hotel's employees would be impacted by the minimum hourly wage set forth in the Ordinance. This 12% consists of workers who receive tips and gratuities in addition to hourly wages. Because the designated minimum hourly wage in the Ordinance exempts gratuities and tips of the "hotel workers," if enforceable, the Ordinance would require the Hotel to increase the hourly wage of approximately 12% of its employees – despite the fact that these workers typically make in excess of the hourly minimum wage | minimum wage obligations.  *See* Cal. Lab. Code § 351). | |

| | **Evidence at Issue** | **Defendant's Objections** | |
|---|---|---|---|
| | set forth in the Ordinance when gratuities and tips are taken into account." | | |
| 3. | Cooley Decl., ¶ 5, page 3, line 4:<br><br>"The Hotel has no direct contracts with the City of Los Angeles." | Relevance. FED. R. EVID. 402.  The City does not contend to have enacted the Ordinance based on its proprietary authority. | Sustained ☐<br>Overruled ☐ |
| 4. | Cooley Decl., ¶ 6, page 3, lines 5-6:<br><br>"The Hotel has not entered into a collective bargaining agreement with the local union." | Relevance. FED. R. EVID. 402.  The Ordinance requires provision of the living wage to unionized and non-unionized hotel workers alike.  The Ordinance has no bearing upon whether a hotel employer chooses to enter into a collective bargaining agreement or not. | Sustained ☐<br>Overruled ☐ |

| | **Evidence at Issue** | **Defendant's Objections** | |
|---|---|---|---|
| 5. | Cooley Decl., ¶ 6, page 3, lines 6-8:<br><br>"There is, however, at least one hotel in the 'Enhancement Zone' designated by the Ordinance that does have a collective bargaining agreement: The Sheraton Gateway LA Airport." | Lack of Personal Knowledge. Lack of Foundation.  FED. R. EVID. 602.  Relevance. FED. R. EVID. 402.  Hearsay. FED. R. EVID. 801, 802. | Sustained ☐<br>Overruled ☐ |
| 6. | Declaration of Nathan Spatz ("Spatz Decl."), ¶4, page 2, line 19-page 3, line 16:<br><br>"Good cause exists to have this matter heard immediately….If the ex parte relief sought by Plaintiff in its ex parte Motion is not granted,…the constitutional rights of Plaintiff will be violated. Through its actions, | Improper Opinion. FED. R. EVID. 701, 702.  Improper Legal Conclusion.  FED. R. EVID. 704. | Sustained ☐<br>Overruled ☐ |

4

| **Evidence at Issue** | **Defendant's Objections** | |
|---|---|---|
| the City of Los Angeles has: 1) improperly attempted to interfere with and regulate the rights of employers under the comprehensive federal labor relations laws because established by the Ordinance are not minimums at all, but rather, can be undercut or waived either by entering into a collective bargaining agreement or by the Controller of the City; 2) violated state and federal equal protection requirements, by singling out certain hotels for disparate treatment while not requiring the same treatment of other business establishments such as restaurants, parking lots, and other businesses located within the "Zone," by | | |

| **Evidence at Issue** | **Defendant's Objections** | |
|---|---|---|
| excluding hotels with less than 50 rooms from operation of the Ordinance, by excluding any other hotel located within the City but not within the "Zone" from operation of the Ordinance, by permitting unionized employers to contract around the terms of the Ordinance, and by allowing a waiver of the conditions of the Ordinance if the hotel employer can demonstrate the effect of the Ordinance would cause a reduction in workforce or total work hours by employees; and 3) implemented an ambiguous ordinance that could be read to require retroactive application, thereby improperly creating new obligations, imposing new | | |

| | **Evidence at Issue** | **Defendant's Objections** | |
|---|---|---|---|
| | duties, and attaching new liabilities with respect to past transactions and considerations. The Ordinance is therefore improper, unlawful, and unenforceable because state and federal law preclude the conditions imposed by the Ordinance." | | |
| 7. | Spatz Decl., ¶5, page 3, lines 18-21:<br><br>"Ordinance No. 178432 improperly purports to require Plaintiff to pay higher wages to some of its employees. Plaintiff does not have a plain, speedy, and adequate remedy, in the ordinary course of law, to | Improper Opinion. FED. R. EVID. 701, 702. Improper Legal Conclusion. FED. R. EVID. 704. | Sustained ☐<br>Overruled ☐ |

| | **Evidence at Issue** | **Defendant's Objections** | |
|---|---|---|---|
| | prevent enforcement of the Ordinance No. 178432. Plaintiff." | | |
| 8. | Request for Judicial Notice ("RJN") Exhibit B, the Hotel Workers Rising! Union Hotel Guide. | Relevance. FED. R. EVID. 402. The Ordinance requires provision of the living wage to unionized and non-unionized hotel workers alike. The Ordinance has no bearing upon whether a hotel employer chooses to enter into a collective bargaining agreement or not. Lack of authentication. FED. R. EVID. 402. Hearsay. FED. R. EVID. 801, 802. | Sustained ☐ Overruled ☐ |
| 9. | RJN Exhibit C, the February 11, 2008 Judgment in the action *California Grocers Ass'n* | Relevance. FED. R. EVID. 402. A state court action that is on appeal regarding | Sustained ☐ Overruled ☐ |

8

| | **Evidence at Issue** | **Defendant's Objections** | |
|---|---|---|---|
| | *v. City of Los Angeles*, Los Angeles Superior Court Case No. BC 351831. | a different ordinance is irrelevant to this case. | |
| 10. | RJN Exhibit D, the February 11, 2008 Court Order in the action *California Grocers Ass'n v. City of Los Angeles*, Los Angeles Superior Court Case No. BC 351831. | Relevance. FED. R. EVID. 402. A state court action that is on appeal regarding a different ordinance is irrelevant to this case. | Sustained ☐ Overruled ☐ |
| 11. | RJN Exhibit E, Los Angeles Municipal Code Chapter XVIII Grocery Worker Retention Ordinance, added by Ordinance No. 177, 231. | Relevance. FED. R. EVID. 402. A different ordinance than the one at issue here is irrelevant to this case. | Sustained ☐ Overruled ☐ |

9

| | **Evidence at Issue** | **Defendant's Objections** | |
|---|---|---|---|
| 12. | RJN Exhibit F, the February 11, 2008 Statement of Decision in the action *California Grocers Ass'n v. City of Los Angeles*, Los Angeles Superior Court Case No. BC 351831. | Relevance. FED. R. EVID. 402. A state court action that is on appeal regarding a different ordinance is irrelevant to this case. | Sustained ☐ Overruled ☐ |

DATED: July 10, 2008   ROCKARD J. DELGADILLO, City Attorney
LAURIE RITTENBERG, Assistant City Attorney
JOHN A. CARVALHO, Deputy City Attorney
ADENA M. HADAR, Deputy City Attorney

By: /s/    Adena M. Hadar
ADENA M. HADAR
Deputy City Attorney

Attorneys for Defendants
CITY OF LOS ANGELES, KAREN KALFAYAN, ROCKARD J. DELGADILLO, and the CITY COUNCIL OF THE CITY OF LOS ANGELES